Abel Zarazua VAZQUEZ; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71610.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Filed Jan. 19, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Abel Zarazua Vazquez, Adelanto, CA, pro se.

Ignacia Gutierrez Aldaco, Adelanto, CA, pro se.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Earle B. Wilson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Abel Zarazua Vazquez and Ignacia Gutierrez Aldaco, husband and wife natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant in part and deny in part the petition for review.

The IJ properly determined that Ignacia failed to demonstrate the requisite ten-years continuous physical presence because she testified that she first arrived in the United States in 1994 and the government issued the Notice to Appear in 2001.

See 8 U.S.C. § 1229b(b)(1)(A) and (d)(2). We therefore deny the petition for review as to Ignacia.

The IJ determined that Abel failed to meet the requisite ten-years of continuous physical presence due to a break in presence in 1994 or 1995 when he returned to Mexico to visit his ailing mother. Abel testified that upon his attempted reentry into the United States in 1995, immigration authorities apprehended him, fingerprinted him, and then permitted him to return voluntarily to Mexico.

We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005). Thus, the IJ erred in concluding that Abel's return to Mexico by immigration officials precluded him from satisfying the physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A). We do not hold that Abel has satisfied the continuous physical presence requirement, but only that his turn-around at the border in 1995 did not interrupt the continuity of his presence.

We remand Abel's case to the Board for further proceedings to determine his eligibility for cancellation of removal. On remand, both parties are entitled to present additional evidence regarding any of the predicate eligibility requirements, including continuous physical presence.

**PETITION FOR REVIEW GRANTED in part and DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.